STEVEN T. GUBNER – Bar No. 156593
JESSICA L. BAGDANOV – Bar No. 281020
JESSICA S. WELLINGTON – Bar No. 324477
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
jbagdanov@bg.law
jwellington@bg.law

Attorneys for
David Seror, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>ALLIANCE FUNDING GROUP, INC.,<br><br>Debtor. | Case No. 1:17-bk-11888-MT<br><br>Chapter 7<br><br>**OBJECTION TO PROOF OF CLAIM NO. 5 FILED BY BEHROUZ AFRAMIAN; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JESSICA L. BAGDANOV**<br><br>Date: November 18, 2020<br>Time: 10:30 a.m.<br>Place: Courtroom 302<br><br>VIA ZOOMGOV ONLY – see supplemental notice of hearing |

**TO THE HON. MAUREEN A. TIGHE, CHIEF UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CLAIMANT BEHROUZ AFRAMIAN AND HIS COUNSEL, AND TO ALL OTHER PARTIES IN INTEREST:**

David Seror, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Alliance Funding Group, Inc. (the "Debtor"), hereby moves the Court for entry of an order pursuant to 11 U.S.C. § 502, Federal Rule of Bankruptcy Procedure 3007, and Local Bankruptcy Rule 3007-1 (the "Objection"), disallowing in its entirety Proof of Claim No. 5 filed on July 27, 2018, ("Claim") on behalf of Behrouz Aframian ("Claimant"). By the Claim, Claimant seeks payment of $4,000,000 as a nonpriority unsecured claim on account of "Money loaned."

This Objection is based on the grounds that the Claim is not entitled to prima facie validity because it is not supported by evidence establishing the Claim. Indeed, the Claim is a "face page" claim that fails to attach evidence to support the asserted nature and amount of the Claim. Furthermore, after the Trustee's requests for evidence to support the Claim and correspondence with counsel for Trustee regarding the same, Claimant has failed to produce sufficient evidence to support the nature and amount of the Claim or any evidence that the Debtor is liable to Claimant. Thus, the Claim should be disallowed in its entirety.

This Objection is based upon the attached Memorandum of Points and Authorities and Declaration of Jessica L. Bagdanov ("Bagdanov Decl."), all pleadings, papers, and exhibits filed in support of the Objection, and such other and further evidence as may be provided at the hearing on the Objection.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order granting the motion and:

1. Sustaining the Objection;
2. Disallowing Claim No. 5 in its entirety;
3. Providing that any ruling on this Objection is without prejudice to the Trustee's right to object to or seek disallowance of the Claim on any other grounds as the Trustee may later assert, including any and all actions taken in pursuit of such objection;
4. Providing that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made

applicable in contested matters through Bankruptcy Rules 7054 and 9014, any such ruling on the Objection shall be treated as a final judgment with respect to Claimant and his claim subject to such ruling, and determining that there is no just reason for delay in entry of a final judgment on the Claim resolved herein;

5. Directing and authorizing the Clerk of Court to modify its claims register consistent with the terms of the Order sustaining this Objection; and

6. Granting such other and further relief as the Court deems just and proper.

DATED: October 12, 2020

BRUTZKUS GUBNER

/s/ Jessica S. Wellington
By:______________________________
Jessica L. Bagdanov
Jessica S. Wellington
Attorneys for, David Seror, Chapter 7 Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105 and 502.

### II. STATEMENT OF FACTS

#### A. The Bankruptcy Case

On July 17, 2017, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. David Seror was appointed Chapter 7 Trustee, in which capacity he continues to serve.

On April 23, 2018, the Trustee filed a Notice of Assets and Possible Dividend [Doc. 54], which set the last day to file proofs of claim in the Debtor's bankruptcy case as July 27, 2018.

#### B. The Claim

On July 27, 2018, the Claim was filed on behalf of Claimant. A true and correct copy of Claim No. 5 is attached hereto as **Exhibit 5**. The Claim asserts a $4,000,000 nonpriority unsecured claim on account of "Money loaned." No loan agreement is attached to the Claim. The only documentation provided in support of the Claim is a single page ledger purporting to set forth funds advanced to the Debtor in the amount of $5,350,000. The nature of the payment ledger appears to reflect an equity investment relationship, as opposed to a lending arrangement. The ledger is not supported by a declaration.

After review of the Claim, on August 17, 2020, Trustee's counsel sent an email to counsel for Claimant, seeking further information regarding the nature and amount of the Claim. After receiving no response, Trustee's counsel followed up via email on August 24, 2020. Claimant's counsel responded to this email. A true and correct copy of this email correspondence is collectively attached hereto as **Exhibit 1.**

Thereafter, on or about August 26, 2020, counsel for the Trustee and counsel for Claimant had a telephone conference, in which Claimant's counsel advised that there is likely no other

documentary support for the Claim. *See* Bagdanov Decl., ¶ 5. Accordingly, the Trustee files this Objection, seeking disallowance of the Claim in its entirety.

## III. BASIS FOR RELIEF

### A. <u>The Claim Is Not Entitled To Prima Facie Validity</u>

The Claim is not entitled to prima facie validity because it does not contain any evidence to support the amount of the Claim. Bankruptcy Rule 3001(f) provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." However, where a claim is based on a writing, such as a loan agreement, Rule 3001(c)(1) requires that such writing be filed with the proof of claim. Fed. R. Bankr. P. 3001(c)(1). It is well established in the Ninth Circuit that the initial burden of persuasion for establishing the validity and amount of a proof of claim is upon the claimant. *Ashford v. Consolidated Pioneer Mortgage* (*In re Consolidated Pioneer Mortgage)*, 178 B.R. 222 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (a proof of claim must have a writing attached and include supporting documentation to qualify for presumptive validity). The prima facie validity of a claim does not attach unless the claim sets forth the facts necessary to support the claim. *Id.* at 226.

Bankruptcy Code section 502 authorizes a "party in interest," such as the Trustee, to object to claims. 11 U.S.C. § 502(a). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," then the burden reverts to the claimant to prove the validity of the claim by a preponderance of evidence. *Wright v. Holm (In re Holm),* 931 F.2d 620, 623 (9th Cir. 1991); *In re Consolidated Pioneer Mortgage*, 178 B.R. at 226. Indeed, the ultimate burden of persuasion is always on the claimant. *In re Holm*, 931 F.2d at 623; *see also In re Heath*, 331 B.R. 424 (9th Cir. BAP 2005) (explaining that a claim that fails to attach supporting documentation is not entitled to be considered as prima facie evidence of validity and amount of claim).

### B. <u>There Is No Evidence To Support the Claim</u>

The Claim is not entitled to prima facie validity because it does not contain any evidence to support the amount of the Claim. The Claim is essentially a "face page" proof of claim that provides no information as to the nature and amount of the Claim, because the ledger does not contain any

information regarding the purported "loan" arrangement. *See In re Shank*, 315 B.R. 799, 816 (Bankr. N.D. Ga. 2004) (a creditor who fails to provide supporting documentation "may well find itself with a disallowed claim"). Further, the Claim has not been amended or supplemented with additional supporting evidence, and there is no loan agreement attached to the Claim to support the conclusion that Claimant loaned money to the Debtor (as opposed to invested money in the Debtor).

Without providing additional supporting evidence for the basis of the Claim, the Trustee cannot determine whether the Claim is based on a purported loan or an equity investment in the Debtor, and indeed the frequency and amounts of the payments listed on the ledger lend support for the Trustee's belief that this was an equity investment arrangement, as opposed to, for example, a revolving line of credit. If the Claim is based on an equity investment, pursuant to 11 U.S.C. § 510, the Claim would be subordinate to unsecured nonpriority claims, and all claims senior to those, filed in the Debtor's case.

Moreover, Claimant filed an almost identical proof of claim in the Debtor's principal's bankruptcy case, *In re Firooz Payan,* Case No. 9:18-bk-10237-DS, Proof of Claim No. 9, attached hereto as **Exhibit 2.** On January 17, 2020, the Court entered an order denying that claim in its entirety. A true and correct copy of that order is attached hereto as **Exhibit 3**.

The Claim does not set forth the facts necessary to support the Claim. Thus, the Claim as filed is not entitled to prima facie validity. The burden of persuasion for establishing the validity and amount of the Claim is on Claimant, and he has failed to meet this burden. Consequently, the Court should sustain the Objection.

## IV. RESERVATION OF RIGHTS

The Trustee expressly reserves his rights to amend, modify, or supplement this Objection. Should the grounds for the objections stated herein be deemed insufficient, the Trustee reserves his right to object on any other grounds that the Trustee discovers during the time this case is pending.

## V. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order granting the motion and:

1. Sustaining the Objection;

2. Disallowing Proof of Claim No. 5 in its entirety;

3. Providing that any ruling on this Objection is without prejudice to the Trustee's right to object to or seek disallowance of the Claim on any other grounds as the Trustee may later assert, including any and all actions taken in pursuit of such objection;

4. Providing that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in contested matters through Bankruptcy Rules 7054 and 9014, any such ruling on the Objection shall be treated as a final judgment with respect to Claimant and his claims subject to such ruling, and determining that there is no just reason for delay in entry of a final judgment on the Claim resolved herein;

5. Directing and authorizing the Clerk of Court to modify its claims register consistent with the terms of the Order sustaining this Objection; and

6. Granting such other and further relief as the Court deems just and proper.

DATED: October 12, 2020

BRUTZKUS GUBNER

/s/ Jessica S. Wellington
By:________________________________
Jessica L. Bagdanov
Jessica S. Wellington
Attorneys for, David Seror, Chapter 7 Trustee

**DECLARATION OF JESSICA L. BAGDANOV**

I, Jessica L. Bagdanov declare:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and this Court. I am an associate in the firm Brutzkus Gubner, counsel for David Seror, the duly appointed and acting Chapter 7 Trustee for the within bankruptcy estate. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2. I make this declaration in support of the Objection. All initial capitalized terms used but not defined herein have the same meaning ascribed to them in the Objection.

3. On or about July 27, 2018, the Claim was filed on behalf of Claimant. A true and correct copy of the Claim is attached hereto as **Exhibit 5.**

4. After my review and analysis of the Claim, on or about August 17, 2020, I sent an email to counsel for Claimant, seeking further information regarding the nature and amount of the Claim. After receiving no response, I sent a follow-up email on August 24, 2020. Claimant's counsel responded to this email. A true and correct copy of this email correspondence is collectively attached hereto as **Exhibit 1.**

5. Subsequently, on or about August 26, 2020, counsel for Claimant and I engaged in a telephone conference, in which I requested on behalf of the Trustee further documentation regarding the amount of the Claim. During this call, counsel for Claimant advised me that there are likely no other documents available to support the Claim.

///

6. Claimant filed an almost identical proof of claim in the Debtor's principal's bankruptcy case, Case No. 9:18-bk-10237-DS, Proof of Claim No. 9, attached hereto as **Exhibit 2.** On January 17, 2020, the Court entered an order denying that claim in its entirety. A true and correct copy of that order is attached hereto as **Exhibit 3.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of October, 2020, at Woodland Hills, California.

Jessica L. Bagdanov



2395218

EXHIBIT “5”

**Fill in this information to identify the case:**

Debtor 1 Alliance Funding Group Inc.

Debtor 2 (Spouse, if filing) ______

United States Bankruptcy Court for the: Central District of California

Case number 1:17-bk-11888-MT

Official Form 410

# Proof of Claim

4/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Behrouz Aframian
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name: Steven Huskey at Epport, Richman & Robbins
Number Street: 1875 Century Park East, Suite 800
City: Los Angeles State: CA ZIP Code: 90067
Contact phone (310) 785-0885
Contact email shuskey@erlaw.com

**Where should payments to the creditor be sent?** (if different)

Name ______
Number Street ______
City ______ State ______ ZIP Code ______
Contact phone ______
Contact email ______

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

Case 1:17-bk-11888-MT Claim 3 Filed 07/27/18 Desc Main Document Page 2 of 4

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?** $ 4,000,000.00. **Does this amount include interest or other charges?**

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned

9. **Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ____________________

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)_______%

☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

11. **Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ____________________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________ |

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/25/2018
MM / DD / YYYY

/s/ Renata A. Guidry
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Renata A. Guidry
First name Middle name Last name

Title: Attorney for Creditor

Company: Epport, Richman & Robbins, LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 1875 Century Park East, Suite 800
Number Street
Los Angeles CA 90067
City State ZIP Code

Contact phone (310) 785-0885 Email rguidry@erlaw.com

Case 1:17-bk-11888-MT Claim 3 Filed 07/27/18 Desc Main Document Page 4 of 4

11:26 AM
06/08/18
Accrual Basis

**BEHROUZ AFRAMIAN**
## Account QuickReport
**All Transactions**

| Type | Date | Num | Name | Memo | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|
| **10500 · LOAN INVESTMENT** | | | | | | | |
| **10503.9 · Porto Marina/Via Escondido** | | | | | | | |
| **01. Ledger 1** | | | | | | | |
| Check | 07/15/2013 | 1051 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA | 300,000.00 | | 300,000.00 |
| Check | 07/19/2013 | 1003 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA | 300,000.00 | | 600,000.00 |
| Check | 08/07/2013 | 1004 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 100,000.00 | | 700,000.00 |
| Check | 08/07/2013 | 1005 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 100,000.00 | | 800,000.00 |
| Check | 08/22/2013 | 1053 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 100,000.00 | | 900,000.00 |
| Check | 08/22/2013 | 1054 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 100,000.00 | | 1,000,000.00 |
| Check | 08/30/2013 | 1055 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 400,000.00 | | 1,400,000.00 |
| Check | 09/10/2013 | 1056 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 200,000.00 | | 1,600,000.00 |
| Check | 09/18/2013 | 1057 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 200,000.00 | | 1,800,000.00 |
| Check | 10/15/2013 | 1058 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 200,000.00 | | 2,000,000.00 |
| Check | 10/24/2013 | 1010 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 200,000.00 | | 2,200,000.00 |
| Check | 11/20/2013 | 1011 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 200,000.00 | | 2,400,000.00 |
| Check | 01/03/2014 | 1015 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 100,000.00 | | 2,500,000.00 |
| Check | 01/03/2014 | 1016 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 100,000.00 | | 2,600,000.00 |
| Check | 02/25/2014 | 1019 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 200,000.00 | | 2,800,000.00 |
| Check | 04/01/2014 | 1024 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 100,000.00 | | 2,900,000.00 |
| [redacted] | | | | | | | |
| Check | 06/17/2014 | 2863 | ALLIANCE FUNDING GROUP I... | FUND FOR PORTO MARINA... | 100,000.00 | | 3,200,000.00 |
| Check | 07/07/2014 | 1025 | ALLIANCE FUNDING GROUP I... | FUNDS FOR PORTO MARINA | 100,000.00 | | 3,300,000.00 |
| Check | 07/25/2014 | 1027 | ALLIANCE FUNDING GROUP I... | FUNDS FOR PORTO MARINA | 100,000.00 | | 3,400,000.00 |
| Check | 08/11/2014 | 1029 | ALLIANCE FUNDING GROUP I... | FUNDS FOR PORTO MARINA | 0.00 | | 3,400,000.00 |
| Check | 08/11/2014 | 1030 | ALLIANCE FUNDING GROUP I... | FUNDS FOR PORTO MARINA | 400,000.00 | | 3,800,000.00 |
| [redacted] | | | | | | | |
| Check | 02/25/2015 | WIRE | ALLIANCE FUNDING GROUP I... | FUNDS FOR PORTO MARINA | 100,000.00 | | 4,300,000.00 |
| Check | 03/06/2015 | WIRE | ALLIANCE FUNDING GROUP I... | FUNDS FOR PORTO MARINA | 100,000.00 | | 4,400,000.00 |
| Check | 03/19/2015 | 2018 | ALLIANCE FUNDING GROUP I... | FUNDS FOR PORTO MARINA | 100,000.00 | | 4,500,000.00 |
| Check | 04/13/2015 | 2034 | ALLIANCE FUNDING GROUP I... | FUNDS FOR PORTO MARINA | 100,000.00 | | 4,600,000.00 |
| [redacted] | | | | | | | |
| Total 01. Ledger 1 | | | | | 5,350,000.00 | 0.00 | 5,350,000.00 |
| Total 10503.9 · Porto Marina/Via Escondido | | | | | 5,350,000.00 | 0.00 | 5,350,000.00 |
| Total 10500 · LOAN INVESTMENT | | | | | 5,350,000.00 | 0.00 | 5,350,000.00 |
| **TOTAL** | | | | | **5,350,000.00** | **0.00** | **5,350,000.00** |

EXHIBIT “1”

**From:** Jessica Bagdanov
**Sent:** Monday, August 17, 2020 2:57 PM
**To:** shuskey@erlaw.com
**Subject:** In re Alliance Funding Group, Inc. - Claims of Aframian Parties

Dear Mr. Husky,

I serve as counsel to David Seror, the chapter 7 trustee for the bankruptcy estate of Alliance Funding Group, Inc. I am writing to you as counsel for the various Aframian parties who filed proofs of claim in the debtor's case:

- Claim 5, by Behrouz Aframian for $4 million;
- Claim 6, by Leora Aframian for $241,800;
- Claim 10, by Leora Aframian for $765,802.20 [appears to be a loan asserted against Phil Payan, not the debtor Alliance Funding Group, Inc.];
- Claim 11, by Esther Aframian for$239,753.02 [appears to be a loan asserted against Phil Payan, not the debtor Alliance Funding Group, Inc.]; and
- Claim 12, by Houshang Aframian for $873,016.67 [appears to be a loan asserted against Phil Payan, not the debtor Alliance Funding Group, Inc.].

As noted, Claims 10-12 appear to be improperly asserted against the debtor corporation, as opposed to Payan individually. In addition, Claims 5 and 6 do not clarify whether these payments were made to the debtor as equity investments or loans. There are no loan documents attached to the claims, and so the Trustee believes these may be equity investment claims.

Additionally, I note that some of these claims are duplicative of claims filed in Firooz Payan's individual bankruptcy case, and have been disallowed in their entirety in that case.

Would you please clarify, and provide whatever documents you have in support of these claims? If possible, please provide supplemental information in support of the claims by next week. If I do not hear from you, or insufficient information is provided, the Trustee reserves all rights to object to such claims on all appropriate grounds.

Thank you,

Jessica

**From:** Jessica Bagdanov
**Sent:** Monday, August 24, 2020 11:50 AM
**To:** shuskey@erlaw.com
**Subject:** RE: In re Alliance Funding Group, Inc. - Claims of Aframian Parties

Dear Mr. Husky,

I wanted to follow up on the below to confirm that you received my email, and inquire whether you will be amending the claims or providing the trustee with the supplemental information requested.

Thank you,

Jessica

---

**From:** Jessica Bagdanov
**Sent:** Monday, August 17, 2020 2:57 PM
**To:** 'shuskey@erlaw.com' <shuskey@erlaw.com>
**Subject:** In re Alliance Funding Group, Inc. - Claims of Aframian Parties

Dear Mr. Husky,

I serve as counsel to David Seror, the chapter 7 trustee for the bankruptcy estate of Alliance Funding Group, Inc. I am writing to you as counsel for the various Aframian parties who filed proofs of claim in the debtor's case:

- Claim 5, by Behrouz Aframian for $4 million;
- Claim 6, by Leora Aframian for $241,800;
- Claim 10, by Leora Aframian for $765,802.20 [appears to be a loan asserted against Phil Payan, not the debtor Alliance Funding Group, Inc.];
- Claim 11, by Esther Aframian for$239,753.02 [appears to be a loan asserted against Phil Payan, not the debtor Alliance Funding Group, Inc.]; and
- Claim 12, by Houshang Aframian for $873,016.67 [appears to be a loan asserted against Phil Payan, not the debtor Alliance Funding Group, Inc.].

As noted, Claims 10-12 appear to be improperly asserted against the debtor corporation, as opposed to Payan individually. In addition, Claims 5 and 6 do not clarify whether these payments were made to the debtor as equity investments or loans. There are no loan documents attached to the claims, and so the Trustee believes these may be equity investment claims.

Additionally, I note that some of these claims are duplicative of claims filed in Firooz Payan's individual bankruptcy case, and have been disallowed in their entirety in that case.

Would you please clarify, and provide whatever documents you have in support of these claims? If possible, please provide supplemental information in support of the claims by next week. If I do not hear from you, or insufficient information is provided, the Trustee reserves all rights to object to such claims on all appropriate grounds.

Thank you,

Jessica

**From:** Jessica Bagdanov
**Sent:** Monday, August 24, 2020 11:56 AM
**To:** Steve Huskey
**Subject:** RE: In re Alliance Funding Group, Inc. - Claims of Aframian Parties

Much appreciated. Thank you for your response.

**From:** Steve Huskey [mailto:Shuskey@erlaw.com]
**Sent:** Monday, August 24, 2020 11:55 AM
**To:** Jessica Bagdanov <jbagdanov@bg.law>
**Subject:** RE: In re Alliance Funding Group, Inc. - Claims of Aframian Parties

CAUTION: This email originated from an external source.

Dear Ms. Bagdanov,

I am awaiting a response from my client. Please let me get back to you by Wednesday with our answer.

Thank you.

STEVEN C. HUSKEY, ESQ.
EPPORT, RICHMAN & ROBBINS, LLP
WATT PLAZA
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE: (310) 785-0885
FACSIMILE: (310) 785-0787

The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or legally privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

---

**From:** Jessica Bagdanov <jbagdanov@bg.law>
**Sent:** Monday, August 24, 2020 11:50 AM
**To:** Steve Huskey <Shuskey@erlaw.com>
**Subject:** RE: In re Alliance Funding Group, Inc. - Claims of Aframian Parties

Dear Mr. Husky,

I wanted to follow up on the below to confirm that you received my email, and inquire whether you will be amending the claims or providing the trustee with the supplemental information requested.

Thank you,

Jessica

BRUTZKUS GUBNER
YOUR COUNSEL MATTERS®

21650 Oxnard St., Suite 500
Woodland Hills, CA 91367

www.bg.law

**Jessica Bagdanov**

(818) 827-9000 Main
(818) 827-9212 Direct
(818) 827-9032 Fax

jbagdanov@bg.law

Jessica Bagdanov

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at: https://www.bg.law/web-disclaimer

---

**From:** Jessica Bagdanov
**Sent:** Monday, August 17, 2020 2:57 PM
**To:** 'shuskey@erlaw.com' <shuskey@erlaw.com>
**Subject:** In re Alliance Funding Group, Inc. - Claims of Aframian Parties

Dear Mr. Husky,

I serve as counsel to David Seror, the chapter 7 trustee for the bankruptcy estate of Alliance Funding Group, Inc. I am writing to you as counsel for the various Aframian parties who filed proofs of claim in the debtor's case:

- Claim 5, by Behrouz Aframian for $4 million;
- Claim 6, by Leora Aframian for $241,800;
- Claim 10, by Leora Aframian for $765,802.20 [appears to be a loan asserted against Phil Payan, not the debtor Alliance Funding Group, Inc.];
- Claim 11, by Esther Aframian for$239,753.02 [appears to be a loan asserted against Phil Payan, not the debtor Alliance Funding Group, Inc.]; and
- Claim 12, by Houshang Aframian for $873,016.67 [appears to be a loan asserted against Phil Payan, not the debtor Alliance Funding Group, Inc.].

As noted, Claims 10-12 appear to be improperly asserted against the debtor corporation, as opposed to Payan individually. In addition, Claims 5 and 6 do not clarify whether these payments were made to the debtor as equity investments or loans. There are no loan documents attached to the claims, and so the Trustee believes these may be equity investment claims.

Additionally, I note that some of these claims are duplicative of claims filed in Firooz Payan's individual bankruptcy case, and have been disallowed in their entirety in that case.

Would you please clarify, and provide whatever documents you have in support of these claims? If possible, please provide supplemental information in support of the claims by next week. If I do not hear from you, or insufficient information is provided, the Trustee reserves all rights to object to such claims on all appropriate grounds.

Thank you,

Jessica

**From:** Jessica Bagdanov
**Sent:** Tuesday, August 25, 2020 2:26 PM
**To:** Renata Guidry; Steve Huskey
**Subject:** RE: In re Alliance Funding Group, Inc. - Claims of Aframian Parties

Hi Renata,

3:30pm tomorrow works for me for a call.

Thank you,

Jessica

**From:** Renata Guidry [mailto:Rguidry@erlaw.com]
**Sent:** Tuesday, August 25, 2020 2:16 PM
**To:** Steve Huskey <Shuskey@erlaw.com>; Jessica Bagdanov <jbagdanov@bg.law>
**Subject:** RE: In re Alliance Funding Group, Inc. - Claims of Aframian Parties

CAUTION: This email originated from an external source.

Ms. Bagdanov-

I'm assisting Mr. Huskey with the Aframian Claims. Do you have availability to discuss tomorrow or Thursday? I'm available tomorrow at 3:30 p.m. or anytime Thursday.

Best,
Renata

Renata A. Guidry, Esq.
EPPORT, RICHMAN & ROBBINS, LLP
1875 Century Park East, Suite 800
Los Angeles, California 90067

Telephone: 310.785.0885 | Facsimile: 310.785.0787
rguidry@erlaw.com | www.erlaw.com

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or legally privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, please be advised that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used or relied upon, and cannot be used or relied upon, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Steve Huskey <Shuskey@erlaw.com>
**Sent:** Monday, August 24, 2020 11:55 AM
**To:** Jessica Bagdanov <jbagdanov@bg.law>
**Subject:** RE: In re Alliance Funding Group, Inc. - Claims of Aframian Parties

Dear Ms. Bagdanov,

I am awaiting a response from my client. Please let me get back to you by Wednesday with our answer.

Thank you.

STEVEN C. HUSKEY, ESQ.
EPPORT, RICHMAN & ROBBINS, LLP
WATT PLAZA
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE: (310) 785-0885
FACSIMILE: (310) 785-0787

The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or legally privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

**From:** Jessica Bagdanov <jbagdanov@bg.law>
**Sent:** Monday, August 24, 2020 11:50 AM
**To:** Steve Huskey <Shuskey@erlaw.com>
**Subject:** RE: In re Alliance Funding Group, Inc. - Claims of Aframian Parties

Dear Mr. Husky,

I wanted to follow up on the below to confirm that you received my email, and inquire whether you will be amending the claims or providing the trustee with the supplemental information requested.

Thank you,

Jessica

BRUTZKUS GUBNER
YOUR COUNSEL MATTERS®

21650 Oxnard St., Suite 500
Woodland Hills, CA 91367

www.bg.law

**Jessica Bagdanov**

(818) 827-9000 Main
(818) 827-9212 Direct
(818) 827-9032 Fax

jbagdanov@bg.law

Jessica Bagdanov

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's
e-mail policies, which can be found at: https://www.bg.law/web-disclaimer

**From:** Jessica Bagdanov
**Sent:** Monday, August 17, 2020 2:57 PM
**To:** 'shuskey@erlaw.com' <shuskey@erlaw.com>
**Subject:** In re Alliance Funding Group, Inc. - Claims of Aframian Parties

Dear Mr. Husky,

I serve as counsel to David Seror, the chapter 7 trustee for the bankruptcy estate of Alliance Funding Group, Inc. I am writing to you as counsel for the various Aframian parties who filed proofs of claim in the debtor's case:

- Claim 5, by Behrouz Aframian for $4 million;
- Claim 6, by Leora Aframian for $241,800;
- Claim 10, by Leora Aframian for $765,802.20 [appears to be a loan asserted against Phil Payan, not the debtor Alliance Funding Group, Inc.];
- Claim 11, by Esther Aframian for$239,753.02 [appears to be a loan asserted against Phil Payan, not the debtor Alliance Funding Group, Inc.]; and
- Claim 12, by Houshang Aframian for $873,016.67 [appears to be a loan asserted against Phil Payan, not the debtor Alliance Funding Group, Inc.].

As noted, Claims 10-12 appear to be improperly asserted against the debtor corporation, as opposed to Payan individually. In addition, Claims 5 and 6 do not clarify whether these payments were made to the debtor as equity investments or loans. There are no loan documents attached to the claims, and so the Trustee believes these may be equity investment claims.

Additionally, I note that some of these claims are duplicative of claims filed in Firooz Payan's individual bankruptcy case, and have been disallowed in their entirety in that case.

Would you please clarify, and provide whatever documents you have in support of these claims? If possible, please provide supplemental information in support of the claims by next week. If I do not hear from you, or insufficient information is provided, the Trustee reserves all rights to object to such claims on all appropriate grounds.

Thank you,

Jessica

EXHIBIT “2”

**Fill in this information to identify the case:**

Debtor 1: Firooz Payan

Debtor 2 (Spouse, if filing): ______

United States Bankruptcy Court for the: Central District of California

Case number: 9:18-bk-10237-DS

Official Form 410

# Proof of Claim

4/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Behrouz Aframian
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name: Steven Huskey @Epport, Richman & Robbins | Name: |
| Number Street: 1875 Century Park East, Suite 800 | Number Street: |
| City: Los Angeles State: CA ZIP Code: 90067 | City: State: ZIP Code: |
| Contact phone: (310) 785-0885 | Contact phone: |
| Contact email: shuskey@erlaw.com | Contact email: |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ (MM / DD / YYYY)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
   - ☑ No
   - ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?** $455,920.42. **Does this amount include interest or other charges?**
   - ☐ No
   - ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.
   Money Loaned

9. **Is all or part of the claim secured?**
   - ☑ No
   - ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   - ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   - ☐ Motor vehicle
   - ☐ Other. Describe: ____________________

   **Basis for perfection:** ____________________
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property**: $__________
   **Amount of the claim that is secured:** $__________
   **Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $__________

   **Annual Interest Rate** (when case was filed)_______%
   - ☐ Fixed
   - ☐ Variable

10. **Is this claim based on a lease?**
    - ☑ No
    - ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

11. **Is this claim subject to a right of setoff?**
    - ☑ No
    - ☐ Yes. Identify the property: ____________________

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No
☐ Yes. *Check all that apply:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________ |

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 09/24/2018
MM / DD / YYYY

/s/ Renata A. Guidry
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Renata A. Guidry
First name Middle name Last name

Title: Attorney for Creditor

Company: Epport, Richman & Robbins, LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 1875 Century Park East, Suite 800
Number Street

Los Angeles CA 90067
City State ZIP Code

Contact phone (310) 785-0885 Email rguidry@erlaw.com

# PHILIP PAYAN OUTSTANDING BALANCE
## AS OF NOV 10, 2017

| FROM | TO | PRINCIPAL | DAILY RATE | # OF DAYS | AMOUNT OF INTEREST | BALANCE |
|---|---|---|---|---|---|---|
| **BEHROUZ AFRAMIAN LEDGER 1 (10%)** | | | | | | |
| | | | | | | **120,228.00** |
| 2/28/06 | 2/1/13 | 120,228.00 | 0.000274 | 2530 | 83,336.12 | 203,498.24 |
| **2/1/13** | | **wf#2232** | | | **(75,000.00)** | 128,498.24 |
| 2/1/13 | 11/10/17 | 45,228.00 | 0.000274 | 1743 | 21,597.92 | 150,162.04 |
| 11/10/17 | 9/21/18 | 45,228.00 | 0.000274 | 315 | 3,903.24 | 154,065.28 |
| **BEHROUZ AFRAMIAN LEDGER 2 (10%)** | | | | | | |
| | | | | | | **113,720.00** |
| 5/16/15 | 11/10/17 | 113,720.00 | 0.000274 | 909 | 28,320.95 | 142,040.95 |
| 11/10/17 | 9/21/18 | 113,720.00 | 0.000274 | 315 | 9,814.19 | 151,855.15 |
| **BEHROUZ AFRAMIAN - PAYAN** #3 | | | | | | |
| 10/14/14 | | | | | | **150,000.00** |
| | | | | | **TOTAL** | **455,920.42** |

EXHIBIT “3”

Case 1:17-bk-12878-MT Doc 34 Filed 10/14/20 Entered 10/14/20 15:27:15 Desc
Main Document Page 30 of 32

Shalem Shem-Tov, Esq. (SBN 257243)
NETZAH & SHEM-TOV, INC.
15303 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403
Telephone: (818) 995-4200
Facsimile: (818) 783-6775
E-Mail: shalem@netshemlaw.com

Attorneys for Objecting Creditors
CARTWRIGHT TERMITE &
PEST CONTROL, INC.;
CTPC, LLC; and
OVERLAND DIRECT, INC.

FILED & ENTERED
JAN 17 2020
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

In re:

FIROOZ PAYAN,

Debtor.

Case No. 9:18-bk-10237-DS

Chapter 7

**ORDER SUSTAINING OBJECTION TO CLAIM NO. 9-1**

Hearing:
Date: January 13, 2020
Time: 11:30 a.m.
Place: Courtroom 201
1415 State Street
Santa Barbara, CA 93101

A hearing was held at the above-captioned time and place on the "Objection by Cartwright Termite & Pest Control, Inc.; CTPC, LLC; and Overland Direct, Inc. to Claim No. 9 Filed by Behrouz Aframian" (the "Claim Objection," Docket No. 348). Appearances were made as reflected on the court's record of the hearing.

The court having reviewed and considered the Claim Objection, the response to the Claim Objection, the reply to the response, the statements and arguments of counsel at the hearing, the record in this case, and for the reasons stated on the record at the hearing,

IT IS HEREBY ORDERED that the Claim Objection to Proof of Claim No. 9 is sustained. Claim No. 9-1 is disallowed in its entirety.

###



Date: January 17, 2020

Deborah J. Saltzman
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled: **OBJECTION TO PROOF OF CLAIM NO. 5 FILED BY BEHROUZ AFRAMIAN; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JESSICA L. BAGDANOV** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 13, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jessica L Bagdanov jbagdanov@bg.law, ecf@bg.law
- Stephen F Biegenzahn efile@sfblaw.com
- Raffy M Boulgourjian rboulgourjian@gmail.com
- Reagan E Boyce rboyce@cr.law
- Richard Burstein rburstein@bg.law, ecf@bg.law
- Jorge A Gaitan ecf@bg.law, jgaitan@bg.law
- Renata A Guidry rguidry@erlaw.com
- Eamon Jafari jafari@barringtonlegal.com, gould@barringtonlegal.com
- David Seror (TR) aquijano@bg.law, C133@ecfcbis.com
- Shalem Shem-Tov shalem@netshemlaw.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **October 13, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Maureen A. Tighe
United States Bankruptcy Court
San Fernando Valley Division
21041 Burbank Blvd., Suite 324
Woodland Hills, CA 91367-6606

Debtor
Alliance Funding Group Inc.
14930 Ventura Blvd., #200
Sherman Oaks, CA 91403-3458

Claimant
Behrouz Aframian
c/o Steven Huskey
Epport, Richman & Robbins
1875 Century Park East, Suite 800
Los Angeles, CA 90067

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 13, 2019 | JESSICA STUDLEY | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |